IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY UNIFIED SCHOOL DISTRICT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A.B.T.,<br><br>　　　　Defendant. | Case No. 18-cv-06968-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 36 |

Before the Court is plaintiff Berkeley Unified School District's ("the District") motion for a preliminary injunction, filed July 5, 2019. Defendant A.B.T. has filed opposition, to which the District has replied. The matter came on regularly for hearing on August 16, 2019. David R. Mishook and J. Sterling Elmore of Fagen, Friedman & Fulfrost, LLP appeared on behalf of the District. Natashe Washington of Miller & Washington LLP appeared on behalf of A.B.T. Having read and considered the parties' respective written submissions and the administrative record, and having considered the arguments of counsel made at the hearing, the Court, for the reasons stated at the hearing, rules as follows.

On September 13, 2018, an administrative law judge ("ALJ") found the District violated the Individuals With Disabilities Education Act ("IDEA"), and, as relief, ordered the District to pay for and provide certain training to its employees and, in addition, to reimburse A.B.T. for the costs her mother expended in placing A.B.T. in a therapeutic boarding school and for related services. (See Compl. Ex. A at 26-28.)

By the instant action, the District seeks a finding that it did not violate the IDEA and that the above-referenced decision (hereinafter, "Decision") be vacated in its entirety.

See 20 U.S.C. § 1415(i)(2)(A) (providing "any party aggrieved by the findings and decision made [by an ALJ] shall have the right to bring a civil action"). By the instant motion, the District seeks an order staying enforcement of the Decision, pending resolution of the above-titled action.

"A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Alternatively, under the "sliding scale test," a preliminary injunction is appropriate where the plaintiff, in addition to establishing a likelihood it will suffer irreparable harm and that the injunction is in the public interest, establishes that "serious questions going to the merits" exist and that "the balance of hardships tips sharply in the plaintiff's favor." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011). The Court next considers the above-referenced factors.

First, although the Court is not prepared at this time to find the District is likely to succeed on the merits, the Court does find there exist serious questions going to the merits. In particular, serious questions have been raised as to whether a lack of cooperation on the part of A.B.T.'s mother during A.B.T.'s junior year effectively constituted a withdrawal of her consent to have A.B.T. evaluated for eligibility for special education, and, if so, whether such withdrawal excused the District from conducting such an evaluation. See 34 C.F.R. § 300.300(a)(3) (providing district does not violate its obligations to evaluate child where parent "does not provide consent" to evaluation).

Next, the Court finds the District, in the absence of a stay, is likely to suffer irreparable harm. In that regard, the California Department of Education ("CDE") has notified the District that, if it does not comply forthwith with the Decision, i.e., if the District does not immediately pay for and provide the staff training, as well as reimburse A.B.T. for the expenses incurred by her mother, the District faces losing its special education funding. (See Elmore Decl. Ex. E.) If, on the other hand, the District provides the staff

2

training and reimburses A.B.T. before the instant action is resolved, the District, were it to prevail, would lack any meaningful way to recoup those funds, see Tamalpais Union High School Dist. v. D.W., 2016 WL 5791259, at *11 (N.D. Cal. October 4, 2016) (holding district established likelihood of irreparable injury where CDE "demand[ed]" district comply with ALJ's order directing district to reimburse parents for cost of private school, as it was "unlikely" district "would have any right to recoupment" if district court were to find ALJ's decision was erroneous), thus, in essence, rendering illusory its statutory right to have the Decision reviewed.

For similar reasons, the Court finds a stay is in the public interest. The District oversees the education of many children, including hundreds of disabled students at Berkeley High School alone (see Administrative Record at 672:4-10), and any loss of funding would negatively affect the numerous students who require special education services. See Tamalpais, 2016 WL 5791259, at *12 (finding stay of ALJ's decision requiring parents be reimbursed for cost of private education was in public interest where, in absence of stay, district risked loss of funding from CDE).

Lastly, with respect to the balance of hardships, although A.B.T.'s mother has described undergoing difficult financial circumstances,[1] the Court finds, given the District's potential loss of funding necessary to provide special education services to a substantial number of students, the balance in this instances tips sufficiently in the District's favor.

Accordingly, the District's motion will be granted.

//
//
//
//
//

---

[1] No argument has been made that A.B.T. herself would incur any hardship.

## CONCLUSION

For the reasons stated above, the District's motion for a preliminary injunction is hereby GRANTED, and, accordingly, the Decision, issued September 13, 2018, by the California Office of Administrative Hearings in OAH Case No. 2018030517, is hereby STAYED pending resolution of the above-titled action.

**IT IS SO ORDERED.**

Dated: August 21, 2019

MAXINE M. CHESNEY
United States District Judge